UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | | |
|---|---|---|
| MAURICE J. SINKFIELD, | : | CASE NO. 1:15-CV-0453 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 1] |
| MOLLIE MURPHY, | : | |
| Defendant. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Maurice J. Sinkfield filed this action against Cuyahoga County Assistant Prosecuting Attorney Mollie Murphy. In the Complaint, Plaintiff alleges he was coerced into pleading guilty to robbery with firearm and forfeiture specifications. He asserts no discernable legal claims and seeks monetary damages, "return [of] all standard forms, and all other negotiable instruments and all payments and profits received pursuant to uniform commercial code 3-305," and asks the Court to "void all contracts. (Doc. No. 1 at 9).

Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2). That Motion is granted.

**I. Background**

The Complaint is composed entirely of incomprehensible rhetoric. He attaches an Affidavit to his Complaint in which he indicates he was a Defendant in a criminal matter before Cuyahoga County Court of Common Pleas Judge John D. Sutula, Case No CR12-564071. He alleges Assistant Prosecutor Mollie A. Murphy stated she turned over crime scene video to the defense but neither Murphy nor his attorney would provide him with access to these materials.

He alleges that on October 9, 2012, his attorney and Murphy threatened him with mandatory and "draconian sentences to extort guilty pleas" from him, and he entered a guilty plea to the charge of robbery with specifications that same day. The other charges of felonious assault and tampering with evidence were dismissed. He was sentenced to four years incarceration on November 8, 2012, but was granted judicial release on December 1, 2014. He asserts no discernable legal claims in his Complaint.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

Plaintiff appears to be collaterally attacking his conviction. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a civil rights action must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable in a civil rights action. Thus, when a state prisoner seeks damages in a civil rights suit, the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If this Court determines that the Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against him, the action is allowed to proceed, in the absence of some other bar to the suit.

In this case, Plaintiff appears to challenge the voluntariness of his guilty plea. If this claim were found to have validity, it would call his conviction on that guilty plea into question. Consequently, Plaintiff cannot assert this claim unless his conviction was overturned on appeal

or set aside by a habeas corpus decision. Plaintiff does not allege that any of these actions has occurred. He cannot proceed to collaterally attack his conviction.

To the extent Plaintiff was attempting to assert some other type of claim, he failed to meet the basic pleading requirements of Federal Civil Procedure Rule 8. Although the standard of review is liberal for *pro se* pleadings, it requires more than bare assertions of legal conclusions. *Bassett v. National Collegiate Athletic Ass'n* 528 F.3d 426, 437 (6th Cir. 2008). The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Id*. Plaintiff's Complaint contains very few factual allegations and no identifiable legal claims. Even with liberal construction, the Complaint does not met basic notice pleading requirements.

### IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Dated: August 3, 2015                              s/    *Jams S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[1]   28 U.S.C. § 1915(a)(3) provides:

>   An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.